UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NICOLE L. L'ETOILE )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>NEW ENGLAND FINISH SYSTEMS, )<br>INC., )<br>    Defendant. )<br> ) | Docket No. 1:06-CV-00390-JL |

## STIPULATION FOR PROTECTIVE ORDER

The Plaintiff, Nicole L'Etoile, and Defendant, New England Finish Systems, Inc. ("NEFS"), hereby stipulate to and the Court hereby enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

The parties agree to the following terms:

1.      This order for the protection of confidential information ("Protective Order") shall be applicable to and shall govern, without limitation, all documents, things, materials, testimony, or other information produced in response to requests for production of documents and things, depositions, interrogatory answers, responses to requests for admission, any other discovery authorized by the Federal Rules of Civil Procedure or court Order, court testimony, and all other matters of evidence in connection with this matter containing Confidential Information, as defined below in paragraph 2.

2.      The term Confidential Information shall be defined as all financial information produced by NEFS, including, but not limited to, company income statements, company billing records, state and federal Income Tax Returns, other documents containing information about the finances, income and billing of NEFS, and all information contained within these documents.

3. Confidential Information may be designated by affixing the legend "CONFIDENTIAL" on such information.

4. Confidential information shall be disclosed only to:

a. Plaintiff's counsel;

b. Defendant's counsel;

c. Plaintiff, under the circumstances set forth in Paragraph 5 herein.

d. The Court, including Court personnel and members of the jury;

e. Court reporters, videographers, and other persons engaged in preparing transcripts of testimony at depositions at hearings in this matter; and

f. Any other persons to whom the parties agree in writing.

5. The Parties agree that the plaintiff shall not be given access to the Confidential Information any sooner than thirty (30) days before any scheduled trial, mediation or meeting to address settlement. If and when the plaintiff is given access to the information, she shall be allowed to read it only and shall not be give copies of any documents.

6. If any documents, things, materials, information, or testimony are designated as Confidential Information, but are believed in good faith by either party not to constitute Confidential Information, that party may make a written request for the release of the confidential designation. If such release is not provide within ten (10) days, that party may apply to the Court for an order requiring the release of the confidential designation. Until such time as the Court requires the release of the confidential designation, the relevant documents, things, materials or information shall be treated as Confidential Information.

7. Confidential Information shall be used solely for the purposes of prosecuting or defending this matter and in connection with any appeals thereof. Confidential Information may

not be used for any business, commercial or competitive purpose, or for any other litigation, administrative proceedings, or dispute resolution process, except by written agreement of the producing party or upon order of this Court after reasonable notice and a hearing at which the producing party shall have an opportunity to be heard.

8.	In the event that any party intends to file any Confidential Information with the Court, such material shall be filed in accordance with Local Rule 83.11.

9.	Prior to being permitted access to Confidential Information subject to this Protective Order, any individual described in paragraph 4 shall sign the form of agreement annexed hereto as Appendix A.  The original of each agreement shall be retained by counsel of record for the party permitting disclosure, but need not be provided to counsel for the opposing party.

10.	If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately inform counsel of record for the party whose Confidential Information was disclosed and make every reasonable effort to prevent further disclosure.

11.	In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may apply to obtain injunctive relief against any such violation or threat to violate any of the terms of this Protective Order.  The person or entity in violation or threatening to violate the terms of this Protective Order shall not be entitled to claim that the aggrieved party possesses an adequate remedy of law.

12.	This Protective Order shall not be deemed a waiver of any party's right to object to any discovery request on any ground, seek an order compelling discovery with respect to any discovery request, or object to the admission of any evidence, on any ground, in any proceeding.

13. Within thirty (30) days after the conclusion of his matter, including any appeals that arise therefrom, all originals and copies of Confidential Information, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel. Counsel of record may retain such copies of any Confidential Information, including extracts, summaries and compilations thereof, as such counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this matter. Such copies shall not be disclosed to anyone outside of counsel of record's firm.

           Respectfully submitted,

           NEW ENGLAND FINISH SYSTEMS, INC.
           By its Attorneys,

           McLANE, GRAF, RAULERSON & MIDDLETON,
           PROFESSIONAL ASSOCIATION

Date: June 17, 2008    By:  /s/ Charla Bizios Stevens
                            Charla Bizios Stevens (NH Bar# 328)
                            Andrea G. Chatfield (NH Bar# 8550)
                            900 Elm Street, P.O. Box 326
                            Manchester, New Hampshire 03105
                            Telephone (603) 625-6464


           NICOLE L. L'ETOILE
           By Her Attorneys,

           UPTON & HATFIELD, LLP

Date: June 17, 2008    By:  /s/ Heather M. Burns
                            Heather M. Burns/Beth A. Deragon
                            10 Centre Street, P.O. Box 1090
                            Concord, New Hampshire 03302-1090
                            Telephone (603) 224-7791


SO ORDERED.            /s/Joseph N. Laplante
                                United States District Judge

Dated: June 18, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NICOLE L. L'ETOILE )<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND FINISH SYSTEMS, )<br>INC., )<br>Defendant. )<br>) | Docket No. 1:06-CV-00390-JL |

## NON-DISCLOSURE AGREEMENT

I, Nicole L'Etoile, do solemnly swear (or affirm) that I am familiar with the terms of the Protective Order entered in the above captioned case, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by an order of this Court. I acknowledge that I may receive Confidential Information, as defined in the Protective Order, and understand that such Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Confidential Information, including any copies, notes, or other records that may be made regarding any such Confidential Information, shall not be disclosed to others, except other persons entitled to receive Confidential Information under the terms of the Protective Order. I hereby consent to the jurisdiction of this Court for purposes of enforcing the order.

DATED: June 4, 2008

SIGNED:   /s/ Nicole L'Eoile

DATED:  June 4, 2008

Notary/Justice Peace:   /s/ Bethany J. Ross
         Notary Public - Commission Expires May 21, 2013