UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| NICOLE L. L'ETOILE<br>　　Plaintiff,<br><br>v.<br><br>NEW ENGLAND FINISH SYSTEMS, INC.<br>　　Defendant. | Docket No. 1:06-cv-390-JL |

**PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY REGARDING THE FINDING OF NO PROBABLE CAUSE
BY THE NEW HAMPSHIRE COMMISSION FOR HUMAN RIGHTS AND
<u>THE NOTICE TO SUE ISSUED BY THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION</u>**

　　NOW COMES the Plaintiff, Nicole L'Etoile, by and through her attorneys, UPTON & HATFIELD, LLP, and respectfully submits the within Motion in Limine to Exclude Evidence and Testimony Regarding the Finding of No Probable Cause by the New Hampshire Commission for Human Rights and the Notice to Sue issued by the Equal Employment Opportunity Commission. In support of said Motion, the Plaintiff states as follows:

　　1.　　On or about July 16, 2004, Ms. L'Etoile filed a charge of employment discrimination at the New Hampshire Commission for Human Rights (hereinafter "NHCHR").

　　2.　　On or about March 7, 2006, the NHCHR issued a finding of "no probable cause" (hereinafter "Finding") in Ms. L'Etoile's case. <u>Ex. A</u>, Copy of Finding.

　　3.　　The NHCHR's investigation was incomplete. Among other deficiencies in the investigation, Ms. L'Etoile's sister, Lorraine Charland was never interviewed by the NHCHR, despite the fact that Ms. L'Etoile gave the NHCHR her name as a witness. <u>Ex. B,</u> L'Etoile Depo., at 199. This was a major error since, for example, Ms. Charland worked for the

Defendant during the same time period that Ms. L'Etoile did, heard men on the NEFS job site make derogatory comments about women, saw lewd and offensive drawings depicting women in sexual positions as the Defendant's site, and was told by her supervisor at the Defendant's that there was no more work for her [because she was a woman].  Ex. C, Charland Affidavit.  Moreover, the NHCHR investigator allowed Mr. Pomerleau and Mr. Houle to be together in the same room while they were being interviewed, allowing corroboration of their testimony.  Ex. D, Mr. Pomerleau Depo., at 78-79; Ex. E, Houle Depo., at 33-34.  This is significant because both men are directly implicated in Ms. L'Etoile's allegations of retaliation.

4.  On or about July 19, 2006, the Equal Employment Opportunity Commission (hereinafter "EEOC") issued an order indicating its adoption of "the findings of the state or local fair employment practices agency that investigated this charge" and issued a Notice of Right to Sue to Ms. L'Etoile (hereinafter "Notice").  Ex. F, Copy of Notice.

5.  The Plaintiff believes that the Defendant will attempt to introduce evidence and testimony regarding the Finding and/or Notice, given statements made concerning those documents in Defendant's Motion for Summary Judgment.

6.  The Finding and/or Notice are irrelevant and inadmissible pursuant to *Fed. R. Evid. 401, 402 and 403*.

7.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence."  *Fed. R. Evid. 401*.  All relevant evidence is admissible, except as otherwise provided … by these rules … .  *Fed. R. Evid. 402*.  "Evidence which is not relevant is not admissible."  *Id.*

8. The Findings and/or Notice are not relevant because they do not make the tendency of the existence of discrimination more probable than it would be without the evidence. The deficiencies in the investigation, discussed in paragraph 3 are significant and call into question the NHCHR's finding of no probable cause. The NHCHR investigator not only did not interview a key witness, but also allowed two key defense witnesses to sit together in the same room during their interviews, thereby giving them the ability to hear each other's versions of events and corroborate their stories. These serious errors make the Finding and Notice irrelevant to Ms. L'Etoile's claims in the present action and, therefore, should be excluded pursuant to *Fed. R. Evid. 401 and 402*.

9. Even if this Court found testimony and/or documents relevant under *Rule 401*, the evidence must also be considered under *Rule 403*. In that context, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403*.

10. The First Circuit has refused to adopt a rule of per se admissibility of EEOC findings because a rule of that nature would "clearly undercut the district court's function as independent fact-finder." *Patten v. Wal-Mart Stores East, Inc.*, 300 F.3d 21, 27 (1st Cir. 2002) (quoting *Smith v. Massachusetts Institute of Technology*, 877 F.2d 1106, 1113 (1st Cir. 1989)); *Blizard v. Fielding*, 572 F.2d 13, 16 (1st Cir. 1978) ("While recognizing that findings by the EEOC are entitled to great deference by the district court, we cannot say that a court is obliged to refer those findings in its opinion). The Court held that "the better approach is to permit the district court to determine, on a case-by-case basis, what, if any, EEOC investigator materials should be admitted at trial." *Id*.

11. In the *Patten* case, the district court refused to admit into evidence a right-to-sue letter from the Maine Human Rights Commission (hereinafter "MHRC"). *Id*. at 26. The Court upheld the district court's ruling because the right-to-sue letter "states only a conclusory probability of discrimination, unsupported by any relevant facts, and thus on its surface lacks the probative content of the excluded investigative file challenged in *Smith*." *Id*. The Court explained that district court's exclusion of the evidence reflected a "tacit balancing under *Rule 403*" and that "such an agency determination, unaccompanied by relevant facts, tends to be more prejudicial than probative." *Id*. at 27.

12. The EEOC Notice stated that it "adopted the findings of the state or local fair employment practices agency that investigated this charge." Ex. F, Copy of Notice.

13. Both the NHCHR Findings and the EEOC Notice state only alleged and conclusory improbability of discrimination, unsupported by any relevant facts, and thus on their surfaces lack the probative content and, therefore, are more prejudicial. Further, if the Defendant sought to admit the entire NHCHR investigation file in the matter, thereby attempting to support the conclusory statements with relevant facts, the investigation file would be more prejudicial than probative because it contains unsworn witness statements – hearsay statements.[1]

14. For all the foregoing reasons, the Plaintiff submits that testimony and/or documents regarding the finding of No Probable Cause by the New Hampshire Commission for Human Rights and the Notice to Sue issued by the Equal Employment Opportunity Commission ought to be excluded as irrelevant and/or inadmissible pursuant to *Fed. R. Evid. 402 and 403*.

---

[1] "Generally, the courts of appeals are in agreement that it is not error to exclude the investigator file of the EEOC in order to insure a fair and independent determination of the facts by the court. As one court has noted, the EEOC file is a "mish-mash of self-serving and hearsay statements and records; … justice requires that the testimony of the witnesses by given in open court, under oath, and subject to cross examination."" *Smith*, 877 F.2d at 1113 (quoting *Gillin v. Federal Paper Board Co.*, 479 F.2d 97, 99 (2d Cir. 1973).

15. Pursuant to Local Rule 7.1(c), the Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur with the relief requested.

16. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant Plaintiff's First Motion in Limine; and

B. Grant such other and further relief as may be equitable and just.

Respectfully submitted,

Nicole L'Etoile

By Her Attorneys,

UPTON & HATFIELD, LLP

Date: August 7, 2008        By:   /s/ Heather M. Burns_____
                                  Heather M. Burns, Esq., Bar No. 8799
                                  Beth A. Deragon, Esq., Bar No. 16347
                                  10 Centre Street, P.O. Box 1090
                                  Concord, N.H.  03302-1090
                                  (603) 224-7791

### CERTIFICATION

I hereby certify that the foregoing was served, this date, on the following persons via Electronic Filing: Charla Bizios Stevens, Esq., counsel for the Defendant.

Date: August 7, 2008                           /s/ Heather M. Burns_____
                                               Heather M. Burns

5