UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NICOLE L. L'ETOILE ) | |
|     Plaintiff, ) | |
| ) | Docket No. 1:06-cv-390-JL |
| v. ) | |
| ) | |
| NEW ENGLAND FINISH SYSTEMS, ) | |
| INC. ) | |
|     Defendant. ) | |

**PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY THAT NO OTHER COMPLAINTS, CLAIMS OR LAWSUITS ALLEGING DISCRIMINATION WERE MADE AGAINST THE DEFENDANT**

NOW COMES the Plaintiff, Nicole L'Etoile, by and through her attorneys, UPTON & HATFIELD, LLP, and respectfully submits the within Motion in Limine to Exclude Evidence and Testimony That No Other Claims of Discrimination Have Been Filed Against the Defendant. In support of said Motion, the Plaintiff states as follows:

1. On or about October 19, 2006, Ms. L'Etoile filed a charge of employment discrimination asserting that she was discriminated against on the based on her gender, subjected to a hostile environment based on her gender, and retaliated against for reporting gender discrimination by being terminated from her employment.[1]

2. The Defendant may attempt to introduce evidence and testimony that no other woman (other than Ms. L'Etoile) has complained, made a claim and/or filed a lawsuit alleging gender discrimination or retaliation against it.

3. The Defendant may seek to introduce such evidence to suggest to the jury that given the number of years it has been in business and given that it did not receive one other

---

[1] At the time of her filing *pro se*, Ms. L'Etoile also pled age discrimination and sexual harassment claims. She voluntarily nonsuited those claims after retaining counsel.

complaint, claim or lawsuit alleging discrimination or retaliation until Ms. L'Etoile made her complaint; that Ms. L'Etoile's claims must be without merit.

4. Evidence and/or testimony on this issue is irrelevant and inadmissible pursuant to *Fed. R. Evid. 401, 402 and 403*.

5. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." *Fed. R. Evid. 401*. All relevant evidence is admissible, except as otherwise provided … by these rules … . *Fed. R. Evid. 402*. "Evidence which is not relevant is not admissible." *Id.*

6. Even though Ms. L'Etoile disputes the Defendant's assertion that it never received a complaint,[2] claim and/or lawsuit alleging discrimination or retaliation from any female employee prior to Ms. L'Etoile's complaint, evidence of that alleged non-occurrence is not relevant and therefore, not admissible.

7. The alleged non-existence of any prior complaints, claims and/or lawsuits of discrimination does not make it more probable that the Defendant neither discriminated against Ms. L'Etoile based on her gender, nor subjected her to a hostile environment, nor retaliated against her for opposing gender discrimination. Even if no other woman ever brought a claim or lawsuit against NEFS comparable to Ms. L'Etoile's, that does not make Ms. L'Etoile's claims invalid.  Defendant's only purpose in seeking to introduce the evidence would be to raise such an inference to the jury, which is unfairly prejudicial against Ms. L'Etoile.

8. Even if this Court found testimony and/or documents on this issue relevant under *Rule 401*, the evidence must also be considered under *Rule 403*. In that context, "evidence may

---

[2] "I know one woman was insulted on the job, on the Belvedere. Was a black woman. And I don't know exactly what happened, but the guy who insult her, he was fired right there on the spot." Ex. A. Pomerleau Depo. at 174.

2

be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403*.

9.   The evidence should be excluded because any probative value that it may have is substantially outweighed by the danger of unfair prejudice against Ms. L'Etoile.  If this evidence was admitted, the jury might erroneously conclude that since no complaints, claims or lawsuits have been made against the Defendant in the past, the Defendant does not discriminate, allow a hostile environment, or retaliate.  The Defendant's allegation that it never received complaints of discrimination does not mean that its female employees were not being discriminated against.  Even if women had complained to supervisors at NEFS about discrimination, it is clear that the supervisors would not have recognized such a complaint because they were not provided with anti-discrimination training.  (Ex. B, Marquis Depo. at 28).  Further, when Ms. L'Etoile presented the book to her supervisor, Andre Pomerleau, he thought it was a joke and testified, "I have nothing to do with the book.  It's not my job to read the book." (Ex. C.  A. Pomerleau Depo. at 95-96; 130-131).

10.   For all the foregoing reasons, the Plaintiff submits that testimony and/or documents regarding the fact that no other complaints, claims and/or lawsuits alleging discrimination have been filed against the Defendant ought to be excluded as irrelevant and/or inadmissible pursuant to *Fed. R. Evid. 402 and 403*.

11.   Pursuant to Local Rule 7.1(c), the Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur.

12.   Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.     Grant Plaintiff's Second Motion in Limine; and

B.     Grant such other and further relief as may be equitable and just.

                      Respectfully submitted,

                      Nicole L'Etoile

                      By Her Attorneys,

                      UPTON & HATFIELD, LLP

Date: August 7, 2008       By:   /s/ Heather M. Burns_____
                                                  Heather M. Burns, Esq., Bar No. 8799
                                                  Beth A. Deragon, Esq., Bar No. 16347
                                                  10 Centre Street, P.O. Box 1090
                                                  Concord, N.H. 03302-1090
                                                  (603) 224-7791

## **CERTIFICATION**

I hereby certify that the foregoing was served, this date, on the following persons via Electronic Filing: Charla Bizios Stevens, Esq., counsel for the Defendant.

Date: August 7, 2008                    /s/ Heather M. Burns
                                              Heather M. Burns