UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| NICOLE L. L'ETOILE<br>    Plaintiff,<br><br>v.<br><br>NEW ENGLAND FINISH SYSTEMS, INC.<br>    Defendant. | Docket No. 1:06-cv-390-JL |

**PLAINTIFF'S FIFTH MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY FROM OTHER WOMEN WHO WORKED FOR
THE DEFENDANT *AFTER* MS. L'ETOILE WAS TERMINATED**

NOW COMES the Plaintiff, Nicole L'Etoile, by and through her attorneys, UPTON & HATFIELD, LLP, and respectfully submits the within Motion in Limine to Exclude Evidence and Testimony from Other Women Who Worked for the Defendant *After* Ms. L'Etoile Was Terminated. In support of said Motion, the Plaintiff states as follows:

1. On or about April 14, 2004, the Defendant terminated Ms. L'Etoile.[1]

2. The Plaintiff suspects that the Defendant will attempt to introduce evidence and testimony from other women who worked for NEFS either *before*, *during*, or *after* Ms. L'Etoile's employment with NEFS.

3. The Defendant may seek to introduce such evidence to suggest to the jury that since those women did not experience a hostile environment, gender discrimination, or retaliation, Ms. L'Etoile could not have experienced the discriminatory conduct and retaliation that she alleges.

---

[1] The Defendant denies that Plaintiff was ever "terminated" on April 14, 2004, and continues to maintain that she was merely laid off again, despite Field Supervisor Ray Houle's clear testimony as to the reasons he never called Ms. L'Etoile back to work following the April 14, 2004 "layoff." *See* Ex. A, Houle Depo. at 200.

4.      The evidence and testimony from other women who worked for the Defendant *after* Ms. L'Etoile was terminated on April 14, 2004 is irrelevant and inadmissible pursuant to *Fed. R. Evid. 401, 402 and 403*.

5.      Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." *Fed. R. Evid. 401*. All relevant evidence is admissible, except as otherwise provided … by these rules … . *Fed. R. Evid. 402*. "Evidence which is not relevant is not admissible." *Id.*

6.      The determination as to whether or not, between *January 2002 and April 14, 2004*, Ms. L'Etoile was discriminated or retaliated against will not be more or less probable with testimony from women who worked for the Defendant *after April 14, 2004* that they were not discriminated or retaliated against. Simply put, discrimination could have occurred in one year and not the next. Further, the Defendant finally provided anti-discrimination training *after* Ms. L'Etoile filed her complaint at the New Hampshire Commission for Human Rights on the heels of her April 14, 2004 termination. Therefore, testimony regarding an alleged work atmosphere free from discrimination from April 14, 2004 forward would not be surprising, since the Defendant has educated its workforce as to prohibited discriminatory behavior, and has likely begun to treat any female employes within its employ very well in light of Ms. L'Etoile's lawsuit and upcoming trial. The resulting inference would be unfairly prejudicial against Ms. L'Etoile.

7.      Even if this Court found testimony and/or documents relevant under *Rule 401*, the evidence must also be considered under *Rule 403*. In that context, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

2

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403*.

8.  The evidence should be excluded because any probative value that it may have is substantially outweighed by the danger of unfair prejudice against Ms. L'Etoile. If this evidence was admitted the jury could erroneously conclude that since no women other than Ms. L'Etoile, (who worked for the Defendant *after* she did) experienced a hostile work environment, gender discrimination, or retaliation then the Defendant did not discriminate against Ms. L'Etoile many years prior. That conclusion would be unfairly prejudicial against Ms. L'Etoile.

9.  Further, the admission of such evidence would result in undue delay and a waste of time since the Plaintiff would need to explore the employment of each of the women who testifies in order to ascertain the validity of her testimony, creating an unnecessary "trial within a trial."

10. For all the foregoing reasons, the Plaintiff submits that testimony and/or documents from other women who were employed by the Defendant *after* Ms. L'Etoile was terminated on April 14, 2004 ought to be excluded as irrelevant and/or inadmissible pursuant to *Fed. R. Evid. 402 and 403*.

11. Pursuant to Local Rule 7.1(c), the Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur.

12. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Grant Plaintiff's Fifth Motion in Limine; and

B.  Grant such other and further relief as may be equitable and just.

                          Respectfully submitted,

                          Nicole L'Etoile

                          By Her Attorneys,

                          UPTON & HATFIELD, LLP

Date:   August 7, 2008            By:    /s/ Heather M. Burns
                                              Heather M. Burns, Esq., Bar No. 8799
                                              Beth A. Deragon, Esq., Bar No. 16347
                                              10 Centre Street, P.O. Box 1090
                                              Concord, N.H.  03302-1090
                                              (603) 224-7791

## **CERTIFICATION**

     I hereby certify that the foregoing was served, this date, on the following persons via Electronic Filing:  Charla Bizios Stevens, Esq., counsel for the Defendant.

Date:  August 7, 2008                                /s/ Heather M. Burns
                                                      Heather M. Burns