UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NICOLE L. L'ETOILE )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>NEW ENGLAND FINISH SYSTEMS, )<br>INC. )<br>    Defendant )<br> ) | Docket No. 1:06-CV-00390-JL |

**OBJECTION TO PLAINTIFF'S FIRST MOTION IN LIMINE TO
EXCLUDE EVIDENCE AND TESTIMONY REGARDING THE
FINDING OF NO PROBABLE CAUSE BY THE NEW HAMPSHIRE
COMMISSION FOR HUMAN RIGHTS AND THE NOTICE TO SUE
ISSUED BY THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

The Defendant, New England Finish Systems, Inc. ("NEFS"), by and through its counsel McLane, Graf, Raulerson & Middleton Professional Association, submits this Objection to Plaintiff's First Motion in Limine to Exclude Evidence and Testimony Regarding the Finding of No Probable Cause by the New Hampshire Commission for Human Rights and the Notice to Sue Issued by the Equal Employment Opportunity Commission. In support of this objection, NEFS states as follows:

1. Plaintiff attempts to prevent NEFS from presenting evidence of the New Hampshire Commission for Human Rights' ("Commission") finding of no probable cause in this matter, as well as the Equal Employment Opportunity Commission's ("EEOC") subsequent adoption of that finding and issuance of a Notice of a Right to Sue ("Notice"). This evidence is relevant and should be admitted at trial.

2. Plaintiff claims that the investigation done by the Commission was "incomplete." Pl.'s Mot. at 1. Plaintiff cites the failure of the Commission investigator to interview her sister,

Lorraine Charland, as evidence to support this claim. *Id.* However, it is clear from the affidavit provided by Ms. Charland that her testimony was irrelevant as she only worked for NEFS for a short period of time in 2002 (outside the Statute of Limitations) and her statements constitute hearsay. It is likely that the investigator did not think her testimony would be helpful. Further, even if Ms. Charland was overlooked, her testimony would not have changed the outcome of the investigator's finding, because her knowledge was so far removed from the integral matters at issue. Finally, the investigator did interview L'Etoile's other sisters, Collette Howell and Madeliene Poulin.

3. Plaintiff also points to the fact that Andre Pomerleau and Ray Houle were in the same room during their interview, which "allow[ed] corroboration of their testimony." Pl.'s Mot. at 2. The investigator's file contained two detailed memoranda describing her conversations with the two men and there is no indication from the investigator's notes that there was any inappropriate conversation between the two during the interview. In fact, they were questioned about different things as their roles with the company were very different as was their interaction with the Plaintiff.

4. It is interesting to note that the Plaintiff does not contest the admissibility of the investigation itself, as Plaintiff's Motion only seeks exclusion of the finding and Notice and, further, she lists interview notes from the investigator on her Exhibit List. (Indeed, she lists the investigator notes for Ray Houle and Andre Pomerleau). Rather, she objects only to the finding of no probable cause which resulted from that investigation.

5. The Commission's finding of no probable cause and the EEOC's Notice are clearly relevant to this matter. The Commission's investigator undertook a lengthy and significant investigation of Plaintiff's claims, as is documented by her notes. She conducted detailed

interviews of at least eight (8) witnesses (including two of Plaintiff's sisters, Madeleine Poulin and Collette Howell) over the course of three (3) months. She weighed the evidence unearthed during her investigation and made a determination that no probable cause existed for Ms. L'Etoile's claim. Simply because the Plaintiff does not agree with the manner in which the investigation was conducted does not make it improper.

6. The findings resulting from this investigation clearly have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As this evidence is relevant, it is also admissible. Fed. R. Evid. 402.

7. While NEFS agrees that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Fed. R. Evid. 403, admission of the investigator's findings and the Notice do not create any of these dangers. That the investigator made this finding will not automatically lead the jury to find for NEFS. Rather, it is but one of many factors that the jury will be able to consider in making its final determination. Further, any additional concerns of the Plaintiff may be erased by proper jury instructions.

8. A majority of the Circuits have left the determination of admissibility of state-agency or EEOC findings to the sound discretion of the district court. *Paolitto v. John Brown E&C, Inc.*, 151 F.3d 60, 65 (2nd Cir. 1998). The First Circuit is a part of this majority. *See Smith v. Massachusetts Institute of Technology*, 877 F.2d 1106, 1113 (1st Cir. 1989). As such, state-agency and EEOC reports should be admitted where they are deemed to be trustworthy. *Id. See also* Fed. R. Evid. 803(8)(C) (exception from hearsay includes "factual findings resulting from

an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness").  The investigation done in this matter on behalf of the Commission was complete and thorough.  There is no legitimate indication that the investigator's finding of no probable cause and the EEOC's Notice "indicate lack of trustworthiness."

9.     For the foregoing reasons, NEFS submits that the Commission's finding of no probable cause and the EEOC's Notice are relevant and should be admitted as evidence during trial.

10.    In the alternative, should the court choose to deny admission of the investigation report itself, the result of the investigation should be admissible.

WHEREFORE, Defendant respectfully requests this Honorable Court:

A.     Deny Plaintiff's First Motion in Limine;

B.     In the alternative, order that evidence of the <u>finding</u> of No Probable Cause by the Commission be admitted; and

C.     Grant such further relief as may be just, equitable, and appropriate.

Respectfully submitted,

NEW ENGLAND FINISH SYSTEMS, INC.

By its Attorneys,

McLANE, GRAF, RAULERSON & MIDDLETON, PROFESSIONAL ASSOCIATION

Date: August 29, 2008        By:   /s/ Charla Bizios Stevens
                             Charla Bizios Stevens (NH Bar# 328)
                             Andrea G. Chatfield (NH Bar# 8550)
                             900 Elm Street, P.O. Box 326
                             Manchester, New Hampshire 03105
                             Telephone (603) 625-6464

**Certificate of Service**

      I hereby certify that on the 29th day of August, 2008, I forwarded the foregoing Objection to Plaintiff's First Motion In Limine To Exclude Evidence And Testimony Regarding The Finding Of No Probable Cause By The New Hampshire Commission For Human Rights And The Notice To Sue Issued By The Equal Employment Opportunity Commission in the manner specified herein:  Electronically Served through ECF to Heather M. Burns, counsel for the Plaintiff.

                                                /s/  Charla Bizios Stevens
                                                Charla Bizios Stevens