UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NICOLE L. L'ETOILE Plaintiff, | )))) |
| v. | ) Docket No. 1:06-CV-00390-JL) |
| NEW ENGLAND FINISH SYSTEMS, INC. Defendant | ))))) |

**OBJECTION TO PLAINTIFF'S SECOND MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY THAT NO
OTHER COMPLAINTS, CLAIMS OR LAWSUITS ALLEGING
DISCRIMINATION WERE MADE AGAINST THE DEFENDANT**

The Defendant, New England Finish Systems, Inc. ("NEFS"), by and through its counsel McLane, Graf, Raulerson & Middleton Professional Association, submits this Objection to Plaintiff's Second Motion in Limine to Exclude Evidence and Testimony That No Other Complaints, Claims or Lawsuits Alleging Discrimination Were Made Against the Defendant. In support of this Objection, NEFS states as follows:

1. Plaintiff attempts to prevent NEFS from introducing evidence at trial "that no other woman (other than Ms. L'Etoile) has complained, made a claim and/or filed a lawsuit alleging gender discrimination or retaliation against it." Pl.'s Mot. at 1. She argues that this information is irrelevant and inadmissible under the Federal Rules of Evidence. *Id.* at 2.

2. This evidence is clearly relevant as it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Specifically, the evidence is indicative of the fact that NEFS does not foster a discriminatory environment, as the Plaintiff alleges.

3. Plaintiff attempts to paint NEFS as a company that continually and severely discriminates against women. She seeks to exclude evidence that counters that characterization. This information is highly relevant to the determination of this matter.

4. Further, this information should not be excluded under a 403 balancing test. *See* Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

5. The jury will be presented with a significant amount of evidence relating to the allegations and defenses in this matter. The fact that no claims have been filed by any other women against NEFS is but one piece of information that the jury will be able to take into account with all of the evidence presented by both sides. The jury will be able to weigh this information, rather than making conclusions based solely upon it.

6. Plaintiff points to two irrelevant allegations in arguing that this information is prejudicial. First, she states that supervisors would not have recognized discrimination complaints. Second, she states that Andre Pomerleau thought the book Ms. L'Etoile showed him was a joke. Both of these allegations are irrelevant to the question of whether the evidence Plaintiff seeks to exclude is admissible.

7. For the foregoing reasons, Defendant submits that evidence relating to the fact that no other women have filed claims against the Defendant is relevant and admissible at trial.

    WHEREFORE, Defendant respectfully requests this Honorable Court:

    A.    Deny Plaintiff's Second Motion in Limine; and

    B.    Grant such further relief as may be just, equitable, and appropriate.

        Respectfully submitted,

        NEW ENGLAND FINISH SYSTEMS, INC.

        By its Attorneys,

        McLANE, GRAF, RAULERSON &
        MIDDLETON, PROFESSIONAL ASSOCIATION

Date: August 29, 2008        By:   /s/ Charla Bizios Stevens
        Charla Bizios Stevens (NH Bar# 328)
        Andrea G. Chatfield (NH Bar# 8550)
        900 Elm Street, P.O. Box 326
        Manchester, New Hampshire 03105
        Telephone (603) 625-6464

**Certificate of Service**

    I hereby certify that on the 29th day of August, 2008, I forwarded the foregoing Objection to Plaintiff's Second Motion In Limine To Exclude Evidence And Testimony That No Other Complaints, Claims Or Lawsuits Alleging Discrimination Were Made Against The Defendant in the manner specified herein:  Electronically Served through ECF to Heather M. Burns, counsel for the Plaintiff.

        /s/  Charla Bizios Stevens
        Charla Bizios Stevens